

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DONNA ALBRIGHT, ) | |
| ) | Civil Action No. 5:08CV00116 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By:  Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Donna Albright, was born on August 4, 1963 and eventually reached the eleventh grade in school. Sometime later, Mrs. Albright earned a GED. Plaintiff has been employed as a factory utility worker and janitor. Apparently, she last worked on a regular and sustained basis in 1996. On February 21, 2006, Mrs. Albright filed an application for supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on

February 19, 2005 due to herniated discs in her back and neck suffered as a result of a motor vehicle accident. Plaintiff now maintains that she has remained disabled to the present time.

Mrs. Albright's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 26, 2007, the Law Judge also determined that Mrs. Albright is not disabled. The Law Judge found that plaintiff suffers from lumbar disc disease, cervical disc disease, cervical radiculopathy, and depression. Because of these severe impairments, the Law Judge held that Mrs. Albright is disabled for her past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity for certain forms of sedentary exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, the claimant has the residual functional capacity to perform a full range of sedentary exertional work, having the capacity to lift and carry objects weighing up to 5 pounds frequently and 10 occasionally. On an occasional basis, she is able to balance, bend, stoop, kneel, crouch, and squat, and claim stairs and ramps. She has to avoid climbing ladders, ropes, and scaffolds, and crawling. On an occasional basis, the claimant has limited ability in reaching overhead and feeling with her left (non-dominant) hand. The claimant needs to avoid concentrated vibration. With regard to mental limitations due to physical impairments, she has a moderate limitation in the ability to concentrate, maintain attention for extended periods, and keep up a pace, due to pain, fatigue, effects of medications, and emotional factors. In regard to mental limitations due to medically-determinable mental impairments, the claimant had "no" restrictions of activities of daily, "no" difficulties in maintaining social functioning, "moderate" difficulties in maintaining concentration, persistence, or pace, and "no" repeated episodes of decompensation.

(TR 19).

Given such a residual functional capacity, and after considering Mrs. Albright's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform several specific sedentary work

roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Albright is not disabled, and that she is not entitled to supplemental security income benefits. See gen., 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Albright has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record establishes that Mrs. Albright was injured in a motor vehicle accident on February 19, 2005. Initially, her injuries were not considered to be severe, and she was treated for neck and back strain through medication and physical therapy. However, when Mrs. Albright's symptoms did not improve, she was referred for additional diagnostic testing. A cervical spine MRI on May 17, 2005 revealed a disc protrusion and a herniated disc at C5-6 compressing the dural sac and impinging upon the cord anteriorly on the left. Plaintiff's physicians then undertook more rigorous treatment measures,

3

including epidural steroid injections. Following an EMG examination on January 25, 2006, Dr. Pawan Rastogi, a neurosurgeon, reported as follows:

> Ms. Albright is here for follow up of her neck and left arm pain. She continues to have significant pain, particularly from the base of the neck down into the shoulders and into the arm. She also has lower back pain which at this point she can live with.
>
> On examination her neck is tender with diminished range of motion. Strength is 5/5.
>
> The EMG is consistent with a left C6 radiculopathy and reviewing the MRI of the cervical spine, she does have a lot of disc protrusion at C5-6. She has a small bulging disc at L2-3 but no significant root compression.
>
> <u>Assessment and Plan</u>: Ms. Albright appears to have a left cervical radiculopathy. She has failed to improve with epidural injections. At this point her options are to live with it or consider anterior cervical discectomy and fusion. I have explained the procedure including the potential risks and benefits as well as complications such as bleeding, infection, nerve injury, hoarseness, difficulty swallowing and failure of fusion. The patient understands and would like to proceed. In terms of the lower back, I would just manage her conservative at this point.

(TR 134).

Mrs. Albright underwent additional imaging on August 29, 2007. On this occasion, she was found to be suffering from a posterior disc extrusion resulting in potential impingement of the left C5 nerve root, as well as a disc protrusion at C5-6 resulting in neural foraminal narrowing. On September 14, 2007, plaintiff's treating neurologist reported as follows:

> Ms. Albright returns complaining of left shoulder and arm symptoms. She has over two years of symptoms and has failed conservative measures. She complains of pain across her shoulder and down her arm. She has numbness down her radial aspect of the arm and into the thumb and first two digits. She has weakness in her arm and hand and drops things.

(TR 192).

Relying on the report of a nonexamining state agency physician completed on June 5, 2006, the Administrative Law Judge determined that Mrs. Albright retains sufficient functional capacity

4

for at least sedentary levels of exertion. Perhaps more importantly, the Law Judge ruled that plaintiff's testimony and statements regarding the intensity, duration, and effect of her pain "are not entirely credible." (TR 21). In assessing plaintiff's complaints of pain, the Law Judge commented as follows:

> The Administrative Law Judge finds that the claimant's allegations of pain from her impairments: lumbar disc disease, cervical disc disease, cervical radiculopathy, and depression, other subjective symptoms, and the limitations arising therefrom, are exaggerated, in view of the objective medical evidence of record and her activities of daily living on or before her alleged onset date.
>
> Even though the claimant had some pain from her impairments - lumbar disc disease, cervical disc disease, and cervical radiculopathy, her medical treatment was conservative and her medical tests revealed very few limitations. The claimant was scheduled to undergo surgery but, as of today's date, the claimant had not undergone this surgery.
>
> After the claimant underwent her nerve blocks, the claimant stated that she felt 100% better with regard to her pain. The claimant's motor strength was 5 out of 5. Due to her leg, arm and shoulder pain, the claimant had mild limitation in her ability to lift, carry, walk, and/or stand.

(TR 21-22).

Upon review of the administrative record, the court must conclude that there is substantial evidence to support the Law Judge's finding that plaintiff's physical and emotional problems are not so objectively severe as to render her incapable of performing certain sedentary work activities. While it is true that the state agency physician did not examine Mrs. Albright, and while it seems that the state agency physician rendered his report prior to the accumulation of all of the later medical evidence of record, the court does believe that the Administrative Law Judge might properly determine that Mrs. Albright's musculoskeletal impairments do not preclude the performance of certain tasks associated with sedentary work activities. In this context, the court notes that no

5

treating physician has suggested that plaintiff's physical impairments are so severe as to render her permanently and totally disabled. Furthermore, there is some reason to believe that Mrs. Albright's musculoskeletal dysfunction could be relieved with surgical intervention.

On the other hand, the court does not believe that the evidence supports the Law Judge's evaluation of plaintiff's pain and subjective limitations. The Law Judge dismissed plaintiff's complaints of pain, noting that her doctors had prescribed only conservative treatment and that her medical tests had revealed few limitations. The court does not believe that the evidence supports such observations. While it is true that Mrs. Albright was treated in a conservative fashion immediately after her motor vehicle accident, her doctors prescribed more rigorous measures once it was determined that she had disc herniations with nerve impingement. Mrs. Albright underwent epidural steroid injections. While the Law Judge's opinion suggests that plaintiff's pain was "100% better" after the nerve blocks, the fact is that her symptoms soon returned and that her doctors considered the procedures to have been unsuccessful. It was then recommended that Mrs. Albright undergo surgery and the medical record reveals that plaintiff agreed to the prescribed procedures.

In short, this is a pain case. The court concludes that the medical evidence clearly establishes that Mrs. Albright suffers from musculoskeletal impairments of a severity sufficient to cause the subjective problems as alleged by plaintiff in applying for benefits, and as described by Mrs. Albright at the time of the administrative hearing. Indeed, the Administrative Law Judge specifically found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms. (TR 21). Under established precedent of the United States Court of Appeals for the Fourth Circuit, the Law Judge's decision to discount plaintiff's testimony as incredible is not supported by substantial evidence. At the time of the administrative hearing, the vocational expert

testified that the subjective manifestations described by Mrs. Albright are such as to render her totally disabled for all forms of substantial gainful activity. (TR 260). Thus, the court concludes that Mrs. Albright has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

The case of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) is commonly cited as setting forth the appropriate standard for review of social security pain cases. In Craig, the court commented as follows:

> Interpreting section 423(d)(5)(A), this court held that in order for pain to be found disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). However, while a claimant must show by objective evidence the existence of an underlying impairment that could cause the pain alleged, "there need not be objective evidence of the pain itself." Id. (quoting Green v. Schweiker, 749 F.2d 1066, 1070-71 (3d Cir. 1984)); accord Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir. 1990) (explaining that § 423(d)(5)(A) requires "a claimant to show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective evidence of the pain itself"); Hyatt III, 899 F.2d at 332 (stating that § 423(d)(5)(A) "requires objective medical evidence of an underlying condition that could reasonably produce the pain alleged"); Hatcher v. Secretary, Dept. of Health & Human Serv., 898 F.2d 21, 24 (4th Cir. 1989) ("[Section 423(d)(5)(A)] . . . requires medical evidence of an impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) ("[W]hile there must be medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity."); Gross, 785 F.2d at 1166 (upholding denial of benefits where evidence failed to show any abnormality which would explain claimant's pains). Under these cases, once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain, such as heat, swelling, redness, and effusion. See Jenkins, 906 F.2d at 109.

76 F.3d at 592-93(footnote omitted).

7

The Fourth Circuit applied its standard for the adjudication of pain cases in the more recent case of Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006):

> The record in this case demonstrates that Mr. Hines complied with the two step process mandated by Fourth Circuit precedent and the resulting regulations. See Mickles, 29 F.3d at 925 (Luttig, J., concurring). There is no dispute that Mr. Hines suffers from SCD. The blood work that Dr. Jeon used to diagnose his patient's condition provides the required objective evidence of a medical condition which would cause pain. There is also no dispute that SCD causes the type of chronic pain from which Mr. Hines suffers. In fact, medical science recognizes that SCD can cause bouts of severe acute pain as it progresses.
>
> Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, Mr. Hines was entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day. Mr. Hines did so by testifying that his illness and the resulting fatigue require him to lie down "half a day."

453 F.3d at 565 (footnotes omitted).

As previously noted, the plaintiff in the instant case suffers primarily from musculoskeletal limitations associated with cervical disc herniations with nerve root impingement as well as foraminal disc herniation with left foraminal stenosis and degenerative disc disease in the lumbosacral spine. At the administrative hearing conducted in this case on November 19, 2007, plaintiff testified that she has stopped driving because of problems with her neck, especially when she finds it necessary to look behind. (TR 241). Even when she rides with someone else, she must take breaks. (TR 241). Mrs. Albright testified that she has undergone physical therapy and received epidural steroid injections, but that the treatment measures did not help her. (TR 247). She takes medication for depression. (TR 247). She also takes pain medication and muscle relaxants. (TR 248). Her medications make her sleepy. (TR 249). She has difficulty lifting a gallon of milk. (TR 249). She also experiences difficulty walking for more than about a block. (TR 249). She is unable

8

to sit or stand for prolonged periods, and she has difficulty reaching or bending over. (TR 249-50). Mrs. Albright testified that she has numbness in her fingers, and that it causes her difficulty handling objects. (TR 251-52). She takes medication to help her sleep at night. (TR 252). She tries to help with household chores, but finds that while she starts projects, she has difficulty finishing. (TR 253-54). She spends most of her time lying down. (TR 254). Plaintiff experiences difficulty dressing and bathing herself. (TR 254-55). Her body begins to ache when she remains in one position for any prolonged period. (TR 257).

The vocational expert assessed the vocational impact of plaintiff's subjective symptomatology as follows:

> Your Honor, the testimony talking about the interruptions of pain, causing the individual to always be in a feeling of discomfort, affecting her attention and concentration. Also, the individual talked about three or four times a day at least needing to lie down to get some relief from the pain and or because of interrupted sleep, needing to rest. With these limitations, Your Honor, it is my opinion the individual would not be capable of full-time employment.

(TR 260).

Stated simply, plaintiff has established through medical evidence the existence of musculoskeletal problems which her doctors consider to be consistent with her subjective symptoms. The vocational expert opined that plaintiff's subjective symptoms are so severe as to render her disabled for the sedentary work roles for which she is otherwise physically capable. Thus, under the governing decisional law, it follows that Mrs. Albright has met her burden of proof.

The court also notes additional circumstances which support plaintiff's claim for benefits. Mrs. Albright's earnings records reflect regular work activity up until the time of her motor vehicle accident. (TR 58). Moreover, plaintiff's medical record is not such as to indicate that Mrs. Albright has exaggerated or overstated her symptoms. She has received neurological treatment on a regular

9

basis. She has undergone expensive and uncomfortable diagnostic procedures in an attempt to identify the cause and appropriate treatment for her pain. Mrs. Albright has participated in physical therapy and she has undergone the epidural steroid injections recommended by her physicians. The medical record indicates that Mrs. Albright takes medication to control her pain and depression on a regular basis. (TR 182). Contrary to the observation of the Administrative Law Judge, the medical record indicates that plaintiff's physicians considered the conservative measures employed to control her pain to have been unsuccessful. No doctor who has actually examined or treated Mrs. Albright has suggested that her complaints of pain are overstated or inconsistent with the objective medical findings. In short, the court concludes that all of the evidence in this case is consistent with the notion that plaintiff's pain and related subjective symptoms are so severe as to prevent her performance of any sedentary work roles existing in significant number in the national economy. The court concludes that Mrs. Albright has met the burden of proof in establishing disability for all forms of substantial gainful employment.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit

10

Program, the court must remand the case to the Commissioner for an appropriate determination. An order and Judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 15th day of July, 2009.

_____
United States District Judge